UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14140-CIV-MARTINEZ/MAYNARD

JOY TYLER, and
ROBERT LISBY, JR.,

    Plaintiffs,

v.

FLORIDA DEPARTMENT OF CHILDREN AND
FAMILIES, JUDGE ROBERT MEADOWS, M.
JORDI ZARAGOZA, P.A., JOHN W. JORDAN,
ESQ. and ALEXANDRIA KRAWCZYK,

    Defendants.
_____/

## REPORT & RECOMMENDATION

**THIS CAUSE** has been referred to me for appropriate disposition of all pretrial matters. DE 6. Two motions are presently pending. The first is Plaintiffs' Motion to Proceed in District Court without Prepaying Fees or Costs. DE 3. The second is Plaintiffs' Motion for Referral to Volunteer Attorney Program. DE 4. Upon review of the record and being fully advised, I respectfully recommend that Plaintiffs' Complaint be **DISMISSED** with leave to amend. Based on this recommendation, I further recommend that Plaintiffs' two pending motions be **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiffs, proceeding *pro se*, filed this action on April 15, 2022. Their Complaint is brought against Florida's Department of Children and Families, a state court judge, two attorneys, and a senior child protective investigator. DE 1. Along with their Complaint, Plaintiffs filed a form application to proceed *in forma pauperis* ("IFP") in which they allege that they have no monthly income. DE 3. A handwritten statement on the form explains that Ms. Tyler is unemployed and

Mr. Lisby Jr. is on leave from his job at Amazon. They report having $1.95 in their checking and savings accounts, spending $182.44 per month on utilities, receiving financial assistance, and being debt-free. *Id.* The application is signed by both Plaintiffs, however it is not dated.

As best I can decipher, the Complaint stems from an incident involving the alleged unlawful removal of Plaintiffs' children from their home "without exigent circumstance[s] and probable cause" or court authorization. DE 1 at 6. The alleged facts underlying Plaintiffs' claims are contained within four paragraphs spanning two pages. Among other things, Plaintiffs allege that despite the fact that Plaintiffs never received any court orders, notices, or other documentation, "Swat team held weapons against plaintiffs, handcuff plaintiffs, and illegally allowed CPI to enter the plaintiff's home." *Id.*

The Complaint refers to an involuntary termination of parental rights without proper to notice to Plaintiffs resulting in a situation in which Plaintiffs' children "will be illegally adopted." *Id.* at 7. As relief, Plaintiffs seek for their children to be returned to them immediately on grounds that the children "are being detained without due process, and without legal grounds according to the laws of the land." *Id.*

## **LEGAL STANDARD**

Before a plaintiff may proceed *in forma pauperis*—as Plaintiffs seek to do in this case—the court must screen the complaint and must "dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is "frivolous" under 1915(e)(2)(B)(i) if a plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). The

court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* The court should order a Section 1915 dismissal when a claim "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Claims may lack an arguable basis in law because of either factual or legal inadequacies and Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327, 329. Legal theories are frivolous when they are "indisputably meritless." *Id.*

Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. The category of factual contentions that are "clearly baseless" includes those that are "fanciful," "fantastic," "delusional," or that "rise to the level of irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). However, a complaint may not be dismissed under section 1915(e)(2)(B) simply because a court finds the plaintiff's allegations unlikely. *Id.*

Dismissals for failure to state a claim under Section 1915(e)(2)(B) are governed by the same standard for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Weakley v. Connolly*, 714 F. App'x 972, 973 (11th Cir. 2018); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6) . . . "). Thus, when reviewing a complaint under Section 1915(e)(2)(B), a court must apply the standard of review applicable to Rule 12(b)(6) motions and accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. *Burns v. Jorandby*, 2008 WL 11454800, at *1 (S.D. Fla. Mar. 28, 2008).

To survive dismissal, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In testing the sufficiency of a complaint, courts do not consider matters outside the four corners of the pleading and must: (1) disregard conclusory allegations, bald legal assertions, and formulaic recitation of the elements of a claim; (2) accept the truth of well-pled factual allegations; and (3) view well-pled facts in the light most favorable to the plaintiff. *See Hayes v. U.S. Bank Nat'l Ass'n*, 648 F. App'x 883, 887 (11th Cir. 2016); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Finally, while *pro se* pleadings are held to a less strict standard than pleadings from counseled parties and are liberally construed, *see, e.g., Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), "[t]he pauper's affidavit should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Liberally construing a *pro se* pleading does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).

## DISCUSSION

Here, a review of the Complaint shows that it does not survive screening under 28 U.S.C. § 1915(e)(2) because it fails to meet minimum pleading requirements or sufficiently invoke this Court's jurisdiction.

Federal Rule of Civil Procedure 8 requires a complaint to assert "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 10 relatedly requires a complaint to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence … be stated in a separate count." Fed. R. Civ. P. 10(b). Rules

8 and 10 "work together to require the pleader to present his[/her] claims discretely and succinctly, so that his[/her] adversary can discern what he[/she] is claiming and frame a responsive pleading, [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted …" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

Here, the Complaint fails to plainly state a cognizable claim for relief. It is comprised of vague and conclusory allegations against a group of Defendants—including a state agency, a state judge, a child protective investigator, and two attorneys—who allegedly violated an unspecified "U.S. Civil Statute" as well as the Fourth and Fourteenth amendments. Merely providing general citation to the U.S. Constitution or other federal law is not sufficient. If Plaintiffs seek to litigate state law claims in federal court, the claims must "really and substantially" involve a dispute or controversy respecting the validity, construction, or effect of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). The United States Constitution does not itself create a private right of action. If Plaintiffs seek to bring a claim for a constitutional violation, they should bring their lawsuit under 42 U.S.C. § 1983, which allows persons deprived of a constitutional right to sue certain state actors for damages and injunctive or declaratory relief. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015) (to state a claim under § 1983, a plaintiff must allege that (1) the defendants deprived him or her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law).

Another way the Complaint is deficient is its lack of salient dates and factual details about what happened, when it happened, and who precisely was involved in what alleged unlawful activity. The Complaint neither asserts separate claims or counts founded on separate occurrences as required nor does it identify in a meaningful way exactly how or why each named Defendant is

subject to liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 788 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (complaint containing "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" fails to satisfy Rules 8 and 10). As it stands, the Complaint's generalized allegations do not offer fair notice of how or why each Defendant is liable to Plaintiffs. The fact that Plaintiffs are proceeding *pro se* do not excuse their failure to comply with these basic pleading requirements. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

The above deficiencies are especially problematic here given the potential applicability of legal doctrines of immunity, issue preclusion, and abstention. There is a strong federal policy against federal court interference with state court proceedings absent extraordinary circumstances. A federal court should abstain from interfering with ongoing state court cases that implicate a strong state interest (for example, child-custody cases) when there is an adequate opportunity to raise constitutional challenges in the state court proceedings. As the Supreme Court has stated:

> [L]ower federal courts possess no power whatever to sit in direct review of state court decisions. If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial [of a claim] in a judicial proceeding ... then the district court is in essence being called on to review the state-court decision. This the district court may not do.

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 490 n. 16 (1983) (citations omitted). This rule applies in the context of child custody proceedings. *See Moore v. Sims*, 442 U.S. 415 (1979); *Leidel v. The Juvenile Court of Madison County, Ala.*, 891 F.2d 1542 (11th Cir. 1990).

Further, one of the Defendants is a state circuit judge. To the extent that Plaintiff seeks monetary or injunctive relief regarding actions taken by a state judge during family court proceedings, such claims may be subject to dismissal because judges are entitled to absolute

immunity from suit arising from acts taken in their judicial capacity unless they acted in the clear absence of all jurisdiction. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Similarly, quasi-judicial officers, such as social workers and police officers, may be protected by qualified immunity, which protects government officials performing discretionary functions and protects all officials, except the plainly incompetent ones or those who knowingly violate the law.

To the extent Plaintiffs seek to challenge a final judgment rendered by the state court before this federal lawsuit was filed, their claims could be barred by the *Rooker-Feldman* doctrine unless Plaintiff asserts independent claims, the resolution of which would not require this Court's review and rejection of the state court's judgment. *See Fox v. Fla. Dep't of Children & Families.*, 828 F. App'x 639, 640 (11th Cir. 2020) (affirming dismissal of complaint brought by mother alleging violations of her Fourth and Fourteenth Amendment rights stemming from a termination of parental rights (TPR) action based upon lack of subject jurisdiction under *Rooker-Feldman*); *Behr v. Campbell*, 8 F.4th 1206, 1213 (11th Cir. 2021) (explaining that asking a federal court to "'review and reject' a state court's child custody decision … would be a violation of *Rooker-Feldman*").

Although Plaintiffs are not required to put forth evidence at this stage, I find that Plaintiffs' allegations, as they currently stand, are not plausible on their face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). I am unable to draw a reasonable inference of misconduct from Plaintiffs' Complaint, and additional factual allegations are necessary both to show jurisdiction and to push the Complaint beyond mere conclusions and into plausibility. As such, the Complaint is subject to dismissal. However, as Plaintiffs are proceeding *pro se*, I recommend that Plaintiffs be given an opportunity to file an amended complaint that sufficiently invokes this Court's jurisdiction and establishes that Plaintiffs

have a plausible, non-frivolous claim.

Because the complaint does not survive screening, I need not determine whether Plaintiffs are entitled to proceed without prepaying fees at this time or whether they are entitled to inclusion in the Court's volunteer attorney program. These two motions are moot because Plaintiffs have not filed a complaint that sufficiently establishes how they can validly proceed with this litigation here in federal court. Plaintiffs remain free to refile both motions when they refile a more carefully drafted Amended Complaint.

## **CONCLUSION**

Based on the foregoing, I respectfully **RECOMMEND** as follows:

1. The Complaint should be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B). I recommend that the dismissal be without prejudice and with leave to amend. Plaintiffs should be permitted to amend their Complaint within 30 days of the date of an Order on this Report. *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003).

2. Plaintiffs should be expressly cautioned that their failure to timely file an Amended Complaint may constitute grounds for this case to be closed and dismissed without further notice.

3. Plaintiffs' Application to Proceed in District Court without Prepaying Fees or Costs, DE 3, should be **DENIED WITHOUT PREJUDICE** to being renewed when they file an amended complaint.

4. Plaintiffs' Motion for Referral to Volunteer Attorney Program, DE 4, should likewise be **DENIED WITHOUT PREJUDICE** to being renewed when they file an amended complaint.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 16th of August, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE